UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UMESH HEENDENIYA,

                              Plaintiff,

v.                                                                                                  5:15-CV-1238
                                                                                                    (GTS/TWD)
ST. JOSEPH'S HOSPITAL HEALTH CENTER;
ROGER GARY LEVINE, M.D.; LISA MARIE
O'CONNOR, M.D.; GEORGE O. TREMITI, M.D.;
HORATIUS ROMAN, M.D.; JOANNE MARY
FRENCH, R.N.; WENDY BRISCOE, R.N.; SUSAN
LYNN CATE, L.M.F.T.; ROSALINE SPINELLA;
ROBERT MICHAEL CONSTANTINE, M.D.;
MITCHELL BRUCE FELDMAN, M.D.; CYNTHIA A.
RYBAK, N.P.; KATHRYN HOWE RUSCITTO,
President and CEO; LOWELL A. SEIFTER, Senior
Vice President and General Counsel; MEREDITH PRICE,
Vice President of Financial Services and CFO;
DEBORAH WELCH, Vice President; GAEL GILBERT,
R.N., Director; and ST. JOSEPH'S HOSPITAL HEALTH
CENTER JOHN AND JANE DOES 1-5,

                              Defendants.
_____

APPEARANCES:                                                                        OF COUNSEL:

UMESH HEENDENIYA
  Plaintiff, *Pro Se*
P.O. Box 5104
Spring Hill, FL 34611

COSTELLO, COONEY & FEARON, PLLC                          ROBERT J. SMITH, ESQ.
  Counsel for Defendants St. Joseph's Hospital,           JENNIFER L. WANG, ESQ.
  French, Briscoe, Cate, Spinella, Rybak, Ruscitto,
  Seifter, Price, Welch, and Gilbert
500 Plum Street, Suite 300
Syracuse, NY 13204

SMITH, SOVIK, KENDRICK & SUGNET, P.C.              KEVIN E. HULSLANDER, ESQ.
  Counsel for Defendant Levine                     MATTHEW P. GERMAIN, ESQ.
250 South Clinton Street, Suite 600
Syracuse, NY 13202-1252

MARTIN GANOTIS BROWN MOULD & CURRIE, P.C.          JOHN C. JENSEN, ESQ.
  Counsel for Defendants O'Connor, Tremiti, and Roman
5790 Widewaters Parkway
Syracuse, NY 13214

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this medical malpractice action filed by Umesh Heendeniya ("Plaintiff") against St. Joseph's Hospital Health Center, Joanne Mary French, Wendy Briscoe, Susan Lynn Cate, Rosaline Spinella, Cynthia Rybak, Kathryn Howe Ruscitto, Lowell A. Seifter, Meredith Price, Deborah Welch, and Gael Gilbert (collectively "St. Joseph's Defendants"), Lisa Marie O'Connor, George Tremiti, Horatius Roman, Robert Michael Constantine, and Mitchell Bruce Feldman (collectively "Physician Defendants"), and Roger Gary Levine, is Plaintiff's motion for relief from the Court's Decision and Order of October 25, 2018, pursuant to Fed. R. Civ. P. 59 or Fed. R. Civ. P. 60(b)(6).  (Dkt. No. 183.)  For the reasons set forth below, Plaintiff's motion is denied.

## I.   RELEVANT BACKGROUND

On October 25, 2018, the Court issued a Decision and Order in which it dismissed Plaintiff's Second Amended Complaint for failure to prosecute.  (Dkt. Nos. 173, 174.)  On November 24, 2018, Plaintiff filed a motion for relief from the Court's judgment, and, on November 25, 2018, he filed a notice of appeal to the Second Circuit.  (Dkt. Nos. 183, 184.)  On November 27, 2018, the Court indicated in a Text Order that it retained jurisdiction over

Plaintiff's motion because that motion was filed before he filed his notice of appeal. (Dkt. No. 186.) On December 3, 2018, the Second Circuit indicated that Plaintiff's appeal was stayed pending resolution of his current motion. (Dkt. No. 187.)

## II.     THE PARTIES' BRIEFING ON PLAINTIFF'S MOTION

### A.     Plaintiff's Memorandum of Law

Generally, in support of his motion, Plaintiff argues that the Court's Decision and Order of October 25, 2018, should be set aside because he was not provided adequate time to respond to Defendants' motions to dismiss. (Dkt. No. 183, at 1-8 [Pl.'s Mem. of Law].) More specifically, Plaintiff argues that he requires more time than a typical litigant because of both his *pro se* status and his mental disability, and that the Court's failure to consider both of these conditions together when failing to grant him more time to respond to Defendants' motions was legal error. (*Id.*) Plaintiff also appears to argue that the evidence he has provided along with his motion is sufficient to merit reconsideration of the Court's Decision and Order. (*Id.* at 9-10.)

### B.     The Physician Defendants' Opposition Memorandum of Law

Generally, in opposition to Plaintiff's motion, the Physician Defendants argue that Plaintiff's motion should be denied because (a) Plaintiff was provided with numerous extensions and plenty of time to comply with the Court's schedule, (b) Plaintiff has failed to provide any excuse as to why he failed to oppose Defendants' motions to dismiss for failure to prosecute, (c) Plaintiff has never shown that he is mentally disabled as alleged, nor has he provided evidence from a health provider attesting to his level of disability, (d) Plaintiff is the one who has caused the delays in this litigation by failing to comply with discovery and the Court's other orders, and (e) Plaintiff has not shown excusable neglect given that all the delays have been of his own making. (Dkt. No. 188, Attach. 1, at 5-8 [Physician Defs.' Opp'n Mem. of Law].)

### C. The St. Joseph's Defendants' Opposition Memorandum of Law

Generally, in opposition to Plaintiff's motion, the St. Joseph's Defendants assert two arguments. (Dkt. No. 189, Attach. 1, at 3-11 [St. Joseph's Defs.' Opp'n Mem. of Law].) First, the St. Joseph's Defendants argue that Plaintiff has not stated entitlement to relief under Fed. R. Civ. P. 60(b) because (a) there are no extraordinary circumstances justifying relief given that Plaintiff himself caused the delays, (b) despite Plaintiff's professed mental disability and *pro se* status, he has previously submitted lengthy and detailed papers, suggesting he has the ability to do so when he wishes, (c) Plaintiff has not even attempted to articulate how his underlying claims have merit, (d) his failure to prosecute has severely prejudiced Defendants, and (e) Plaintiff has not shown excusable neglect. (*Id.* at 3-9.)

Second, the St. Joseph's Defendants argue that Plaintiff has not stated entitlement to relief under Fed. R. Civ. P. 59(e) because he has not shown that there was an error of law or fact, new evidence, or a manifest injustice. (*Id.* at 9-11.)

### D. Defendant Levine's Opposition Memorandum of Law

Generally, in opposition to Plaintiff's motion, Defendant Levine asserts four arguments. (Dkt. No. 190, Attach. 1, at 4-11 [Def. Levine's Opp'n Mem. of Law].) First, Defendant Levine argues that Plaintiff cannot seek relief under Fed. R. Civ. P. 59 because that rule applies specifically to new trials and Plaintiff has not had a trial in this case. (*Id.* at 4-5.)

Second, Defendant Levine argues that Plaintiff has failed to offer a reasonable basis to set aside the Decision and Order of October 25, 2018, because (a) he has not refuted the finding that he failed to prosecute the Second Amended Complaint, (b) he has failed to submit any evidence supporting his allegations of having a disabling mental illness, and (c) he has failed to

4

adequately explain why he repeatedly failed to respond to discovery requests and comply with the Court's orders despite multiple extensions of time to do so.  (*Id.* at 5-8.)

Third, Defendant Levine argues that Plaintiff's own admission that he has a manic-depressive disorder and PTSD that led him to attempt suicide through a prescription drug overdose establishes that his underlying substantive claims are meritless because that overdose (not Defendants' actions) was what resulted in Plaintiff's involuntary commitment to the hospital.  (*Id.* at 8-9.)

Fourth, and last, Defendant Levine argues that the case law cited by Plaintiff in support of his arguments is inapplicable.  (*Id.* at 10-11.)

## II.     GOVERNING LEGAL STANDARDS

### A.     Legal Standards Governing a Motion Pursuant to Fed. R. Civ. P. 59(e)

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  "A court may grant a motion to alter or amend a judgment under Rule 59(e) where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy clear error of law or to prevent manifest injustice."  *Kroemer v. Tantillo*, Nos. 17-2326, 18-1006, 2018 WL 6619850, at *3 (2d Cir. Dec. 17, 2018) (citing *Virgin Atl. Airlines, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 [2d Cir. 1992]); *accord, Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 [2d Cir. 1983]).  A motion pursuant to Fed. R. Civ. P. 59(e) "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second

bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  "[R]econsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Analytical Surveys, Inc.*, 684 F.3d at 52.

### B. Legal Standards Governing a Motion Pursuant to Fed. R. Civ. P. 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  "Relief is available under subdivision (b)(6), however, only in 'extraordinary circumstances.'"  *Buck v. Davis*, 137 S. Ct. 759, 772 (2017).  "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors." *Buck*, 137 S. Ct. at 778.  "A motion under Rule 50(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. 60(c)(1).

## III.   ANALYSIS

After carefully considering the matter, the Court answers the question of whether Plaintiff's current motion entitles him to relief in the negative for the reasons stated in all of the Defendants' memoranda of law. (Dkt. No. 188, Attach. 1, at 5-8 [Physician Defs.' Opp'n Mem. of Law]; Dkt. No. 189, Attach. 1, at 3-11 [St. Joseph's Defs.' Opp'n Mem. of Law]; Dkt. No. 190, Attach. 1, at 4-11 [Def. Levine's Opp'n Mem. of Law].) To those reasons, the Court adds the following analysis.

As discussed above, the only basis that Plaintiff asserts for granting his motion is that he requires more time than a typical litigant due to a combination of his mental disability and his *pro se* status, and that the Court failed to consider both of these conditions when failing to grant him sufficient time to respond to Defendants' motions to dismiss for failure to prosecute. (Dkt. No. 183, at 1-10 [Pl.'s Mem. of Law].) However, a plaintiff's *pro se* status does not relieve him of the duty to comply with the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 41(b).[1] Moreover, Plaintiff has not pointed to any case law or evidence that the Court overlooked or did not have available to it (as to Fed. R. Civ. P. 59[e]) or provided any evidence or persuasive argument as to why the situation presented here involves excusable neglect, new evidence, fraud

---

[1]   *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural . . . law."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them. . . . This is especially true in civil litigation.") (internal quotation marks and citations omitted); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural . . . law.") (internal quotation marks omitted); *see, e.g., LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209-10 (2d Cir. 2001) (applying Fed. R. Civ. P. 41[b] to *pro se* plaintiff).

or misconduct by Defendants, or an extraordinary circumstance (as to Fed. R. Civ. P. 60[b]).  He has still not offered a persuasive reason supported by evidence for his failure to prosecute the Second Amended Complaint that would constitute excusable neglect or an extraordinary circumstance, nor has he shown that allowing the Court's Decision and Order to stand would result in a manifest injustice.  In particular, as Defendants have noted, Plaintiff has again failed to provide any evidence substantiating the extent of mental illness that he alleges or the limitations that he alleges that mental illness causes related to being able to prosecute his case.  Without such evidence, it is impossible for this Court to give credence to Plaintiff's assertions that his mental disability so significantly impacts his ability to timely file documents and comply with the Court's orders that he would require an extensive amount of extra time.  Instead of evidence related to his mental health, Plaintiff has submitted copious articles and other sources detailing surveillance of other individuals by the government that have nothing to do with the issues relevant to this motion.  Even if Plaintiff is being surveilled and targeted by law enforcement as he alleges, he has not offered any proof to substantiate a finding that this activity caused such significant mental distress as to effectively prevent him from being able to meet the deadlines set by this Court (which notably have been extended numerous times out of special solicitude to Plaintiff despite his pattern of non-cooperation).  To the contrary, as Defendants point out, Plaintiff's papers on other issues have been lengthy and well researched, a fact that contradicts his assertion that he needs excessive amounts of time specifically to perform the necessary research.

      Nor can the Court ignore the fact that Plaintiff has failed to take advantage of extensions of time in the past: he has still not submitted requested discovery despite having received

extensions of time in which to do so, and he most notably failed to file a response to any of the Defendants' motions to dismiss for failure to prosecute despite having been granted an additional 41 days in which to do so.  (Dkt. No. 172 [Text Order filed June 19, 2018].)  Additionally, although any response filed after the set due date of July 30, 2018, would have been untimely, it is notable that Plaintiff did not file any response during the time up to the issuance of the Court's Decision and Order on October 25, 2018, which was approximately four months after he was granted his extension.  If Plaintiff was unable to prepare a response to Defendants' motions in the four months between the extension and the Court's decision, the Court has little confidence that he would submit a response if afforded the requested two months he seeks in this motion.  This is also supported by the fact that, in relation to the current motion for relief from the judgment, Plaintiff requested an extension of time to file a reply brief (which was granted); yet he failed to file any such reply.  (Dkt. Nos. 192, 193.)  Plaintiff therefore seems content with continuing his pattern of delaying this action and not using his allotted time wisely, which only serves to bolster this Court's confidence in its dismissal of Plaintiff's Second Amended Complaint for failure to prosecute.

     Quite simply, Plaintiff has not presented any supported reason to believe that the Court erred in dismissing his Second Amended Complaint for failure to prosecute; the Court therefore finds no basis to amend or reconsider the Decision and Order of October 25, 2018.[2]

---

[2]     The Court also notes that it does not appear that Plaintiff's motion was timely for the purposes of Fed. R. Civ. P. 59(e), which requires that any such motion be filed within 28 days of the judgment.  Fed. R. Civ. P. 59(e).  The Court's Decision and Order and Judgment were issued on October 25, 2018, while Plaintiff filed supporting exhibits on November 23, 2018, and his motion on November 24, 2018.  (Dkt. Nos. 173-74, 176-83.)  Using the approved calculation method, this would place the due date for a motion pursuant to Fed. R. Civ. P. 59(e) on November 22, 2018, one day before Plaintiff filed anything related to his current motion.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for relief from the Decision and Order of October 25, 2018 (Dkt. No. 183) is **DENIED**.

Dated: February 28, 2019
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge